## WILLARD BILLINGS, BY GUARDIAN, *v.* JOHN K. KNEEN.

*Witness.* R. L. s. 1002. *Agent. Overseer of Poor. Insane Person.* R. L. s. 7.

1. An overseer of the poor, in contracting with one for the support or labor of an insane pauper, is not a party to the contract, but an agent of the town; and, after the death of the overseer, in an action by the pauper to recover pay for his labor, his employer, under the statute, is a witness in his own behalf to prove a settlement with the overseer. R. L. ss. 1001-2.
2. An overseer of the poor having power to make a valid contract as to a pauper's support or labor, has power to make a valid settlement binding on the pauper.
3. The overseer made a parol contract with the defendant as to the support and labor of the pauper, but did not bind him out; therefore, sec. 2831, R. L., requiring certain contracts to be in writing, does not affect the case.

GENERAL ASSUMPSIT. Plea, general issue. Heard by the court on the report of referees, December Term, 1884, TAFT, J., presiding. Judgment for the plaintiff.

*William E. Johnson,* for the defendant.

The fact that the contract was not in writing does not affect the case. *Free Press Association* v. *Nichols,* 45 Vt. 18; *Hawley* v. *Moody,* 24 Vt. 606; *Mack* v. *Briggs,* 30 Vt. 572. Defendant was a witness under the statute. *Kettell* v. *R. R. Co.* 56 Vt. 106; *Poquet* v. *North Hero,* 44 Vt. 91; *Cheney* v. *Pierce,* 38 Vt. 515.

*Norman Paul,* for the plaintiff.

The defendant was not a competent witness. One party to a contract cannot testify when the opposite party to the contract is dead. *Pember* v. *Congdon,* 55 Vt. 58; *Manufacturers' Bank* v. *Schofield,* 39 Vt. 590; *Godfrey* v. *Downer, Adm'r,* 47 Vt. 653; *La Mountain* v. *Miller,* 56 Vt. 433; *Hall*

v. *Hamblett*, 51 Vt. 589. The contract was void, as it was not in writing. R. L. s. 2831.

The opinion of the court was delivered by

ROYCE, Ch. J.   It appears that the plaintiff was thirteen years old in 1857, and was then and ever since has been a pauper and chargeable to the town of Woodstock; that he was a person of weak and feeble intellect and wholly incapable of making contracts, or attending to his own business. Mr. Wood was overseer of the poor for the town of Woodstock in 1857, and continued to hold that office down to the time of his death in 1875. In 1857 Mr. Wood as such overseer made a contract with defendant to care for, support, and clothe the plaintiff, for one year; and like contracts were made yearly thereafter during the lifetime of Mr. Wood, except for the years 1860, '61, and '62. When Mr. Wood died the plaintiff then contracted with defendant to continue in his service, and did continue in it down to December 1st, 1883. Mr. Wood paid the defendant for the years '57, '58, and '59 $30.00 a year for supporting and clothing the plaintiff. From 1863 to 1868 the defendant boarded and clothed the plaintiff for his labor; in 1869 he commenced paying at the rate of $30.00 a year, besides his board and clothes, for his labor; and he agreed to pay a like sum yearly during the lifetime of Mr. Wood.

None of said contracts were in writing. The only controversy is as to the claim for compensation, made on account of the services rendered by the plaintiff in the years '72, '73, and '74. It is found that said services were reasonably worth the sum of $107.90. The defendant was improved as a witness, and the referees found upon his testimony that all accounts prior to December 1st, 1874, were settled and adjusted. The defendant's testimony was taken subject to the objection and exception of the plaintiff.

The plaintiff comes within the definition of an insane person—sec. 7, chap. 1, R. L.;—and it is claimed that under sec. 1002, chap. 60, the defendant could not be admitted to testify.

There can be no doubt but what the cause of action in issue and on trial was the subject that the defendant was permitted to testify concerning. The controlling question is,—was Mr. Wood, when the contracts, settlements, and adjustments that the defendant testified about were made, a party, in the sense in which the word is used in the statute, and as it has been construed by the courts?

Mr. Wood, as overseer of the poor, was charged with the duty, by sec. 2815, R. L., of caring for poor and indigent persons, as long as they remained at the charge of the town, and of seeing that they were suitably relieved, supported, and employed at the charge of the town, either at the poor-house provided by the town, or in such other manner as the town directs, or otherwise at his discretion. The right was given by sec. 2830 to bind out to labor any such person. But inasmuch as the overseer made no attempt to bind out the plaintiff, there is no occasion to discuss that and the succeeding section, which require that contracts binding out to labor shall be in writing.

The question as to the competency of the defendant as a witness, to testify to what transpired between him and Mr. Wood, must be considered in view of the relations that Mr. Wood sustained to the subject matter that the defendant testified about. Under the discretion that was vested in the overseer he made the contracts with the defendant under which the plaintiff entered into and continued in his service. They were strictly in the line of his duty; and in making them he acted as an officer of the town, and the contracts were the contracts of the town. Any advantage that might accrue from them was for the benefit of the town, and any liability imposed would have to be borne by the town. So

that Mr. Wood was not, in a legal sense, a party to the contracts. He was the agent of the town and authorized by law to make the contracts for the town. In *Cheney* v. *Pierce*, 38 Vt. 515, it was held that an agent through whom another negotiates a contract is no party to the contract; and in *Poquet* v. *North Hero*, 44 Vt. 91, that a selectman, in making a contract that he was authorized to make, was an agent of the town and not a party to the contract.

Mr. Wood not being a party, it was competent for the defendant to testify as to the arrangements he made with him, connected with the support and labor of the plaintiff.

It is now claimed that, admitting that Mr. Wood had the right to make the contracts, the plaintiff is not bound by them, or the settlement which he made with the defendant.

The unrestricted power to make a contract includes the right to settle and adjust all disputes that may arise concerning it; and, in the absence of fraud, a settlement, made between the party who had the right to make the contract and the other contracting party, is conclusive. The settlement found to have been made between Wood and the defendant was of that character, and the parties are concluded by it.

There was no error in the judgment and it is affirmed.